UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

**Case Number:
14-22226-CIV-MORENO**

SHARON KAPLAN, and GLENN S. KAPLAN,

      Plaintiff,

vs.

VOLVO PENTA OF THE AMERICAS, LLC, as
successor in interest to VOLVO PENTA OF THE
AMERICAS, INC., and FIRST PROTECTION
CORPORATION OF FLORIDA,

      Defendants.

_____/

## **ORDER GRANTING MOTIONS TO DISMISS**

Plaintiffs bring suit to recover for damages they incurred due to their inability to repair the engines on their yacht. Defendants have moved to dismiss as time-barred Plaintiffs' claims under the Magnuson-Moss Warranty Act[1] and state law claims for breach of warranty and unfair and deceptive trade practices. For the reasons stated in this Order, the Court agrees that the applicable statute of limitations bar each of Plaintiffs' claims.

THIS CAUSE came before the Court upon First Protection Corporation of Florida's Motion to Dismiss **(D.E. No. 12)**, filed on **July 23, 2014** and Volvo Penta of the Americas, LLC's Motion to Dismiss **(D.E. No. 13)** filed on **July 28, 2014**.

THE COURT has considered the motions, responses, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motions are GRANTED.

---

[1]The Magnuson-Moss Warranty Act, codified at 15 U.S.C. § 2301, *et seq.*, is the federal statute governing warranties on consumer products.

## I. Background

This is an action for breach of a product warranty following Plaintiffs, Sharon and Glenn Kaplan's December 16, 2005 purchase of a 2006 Monterey yacht, equipped with Volvo Penta engines and XDP Stern Drive Systems. Plaintiffs originally filed this case in state court on May 16, 2014. During the first two years of Plaintiffs' ownership, the manufacturer's warranty was in effect. During those two years, Plaintiffs state the XDP Stern Drives had serious problems on twelve occasions. The manufacturer's warranty was in place from December 16, 2005 to December 16, 2007. It states:

> This two-year warranty is limited to complete power packages (engine, transom shield, sterndrive, Volvo Penta branded marine transmissions, jackshafts, and engine accessories) in leisure-use* as defined by Volvo Penta.

At the time they purchased the yacht, Plaintiffs also elected to purchase an extended warranty from Defendant First Protection Corporation of Florida. The extended warranty covered the two engines and the XDP Drive Systems and was effective from December 19, 2005 until December 18, 2011.

Plaintiffs claim that after each of the twelve breakdowns, they went to the authorized repair center, Powerhouse Marine. During that time Volvo Penta honored the warranty and paid for repairs. The authorized repair center indicated the problems were resolved after each visit. Plaintiffs claim they learned the XDP Drive System was irreparably defective in August 2012.

On June 16, 2014, Defendants removed this case to federal court citing the Magnuson-Moss Warranty Act and damages in excess of $50,000. Plaintiffs' Amended Complaint contains four counts. Count I is against Defendant Volvo Penta for breach of the express warranty provision. Count II is against both Defendants for breach of the extended warranty. Count III is a claim against

-2-

Volvo Penta under the Magnuson-Moss Act. Finally, Count IV is against Defendant Volvo Penta for unfair and deceptive trade practices. Defendant Volvo Penta has moved to dismiss citing Florida's five-year statute of limitations for breach of express warranty claims. Defendant, First Protection Corporation, the company that provided the extended warranty, also moved to dismiss the case as time-barred.

## II.  Legal Standard

To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal,* 129 S. Ct. at 1950.

## III. Analysis

At issue in the motions to dismiss is whether the applicable statute of limitations bars Plaintiffs' claims. Generally, an issue as to the statute of limitations is not resolvable on a motion to dismiss and is an issue of fact for the jury. *See Williams v. Bear Stearns & Co.*, 725 So. 2d 397 (Fla. 5th DCA 1998). This is true unless from the face of the complaint the application of the statute of

limitations defense is apparent. *Id.* The Court will analyze whether the statute of limitations applies in the face of Plaintiffs' allegations.

### A. Breach of the Express Warranty (Count I )

Florida provides a five-year statute of limitations for breach of express warranty claims. § 95.11(2)(b), Fla. Stat. "The statute of limitations for causes of action based on breach of an express warranty begins to run when a plaintiff discovers, or should have discovered, the breach of express warranty." *Speier-Roche v. Volkswagen Group of America, Inc.*, No. 14-20107, 2014 WL 1745050, *1 (S.D. Fla. April 30, 2014) (quoting *McKissic v. Country Coach, Inc.*, No. 07-CV-1488, 2009 WL 500502, *9 (Feb. 27, 2009)). If the warranty expires before a plaintiff discovers the breach, then the statute begins to run on the expiration date. *Id.* (citing *McKissic*, 2009 WL 500502, at *9) ("Florida's five-year statute of limitations . . . also sets forth that such statute of limitations cannot begin to run past the explicit time period in which the express warranty expires.").

The parties agree that the Plaintiffs knew the stern drives had problems within the first two years of the warranty, repairing them at least twelve times and having their yacht out of commission for a period of one to three weeks during each of the twelve repairs. In spite of the numerous repairs, Plaintiffs' claim they did not learn the stern drives were "unrepairable" until 2012. Plaintiffs claim that Volvo Penta continuously concealed the defect to Plaintiffs by having the authorized repair center continuously repair the stern drives during the warranty period.

The Court disagrees with Plaintiffs. Even if the Court were to find that Plaintiffs did not discover the breach during the two-year express warranty period, the express warranty expired on December 16, 2007. On that date, the five-year statute would have begun to run and would have expired on December 16, 2012, well before this case was filed in May 2014. Accordingly, the Court dismisses Count I as time-barred.

## B. Breach of the Extended Warranty (Count II)

Just as Plaintiffs' claim for breach of the express warranty is time-barred, so is the claim for breach of the extended warranty. Plaintiffs' Amended Complaint readily admits that their yacht was repaired twelve times during the initial warranty period, which ended in 2007. This suit was not filed until almost seven years later. *See Speier-Roche*, 2014 WL 1745050, at *5 (finding the statute of limitations began to run on the date of the initial repair when that repair is the basis of which she now pleads a breach of warranty). In this case, Plaintiffs' own allegations that there were twelve repairs to the yacht's stern drives sufficiently placed Plaintiffs on notice at some point prior to 2007 that there was something wrong with the stern drives. Having waited until May 2014 to file this case, the Court finds the statute of limitations bars this claim for breach of the extended warranty.

## C. Magnuson-Moss Warranty Claim (Count III)

Although the Magnuson-Moss Act contains no express statute of limitations, Plaintiffs' claim for breach of warranty under the Act is untimely because the Court looks to the most analogous state statute to determine which statute of limitations to apply. *Id.* (citing *Saavedra v. Albin Mfg. Corp.*, No. 11-1893, 2012 WL 254122 (M.D. Fla. Jan. 27, 2012)). Courts have considered state lemon laws and the limitations period governing warranty claims under a state's commercial code in reviewing Magnuson-Moss claims. *Speier-Roche*, 2014 WL 1745050, at *6. Regardless of which period is applied here, Plaintiffs' Magnuson-Moss claim is time-barred. As discussed, Plaintiffs' warranty claims are untimely if subject to the Uniform Commercial Code. Similarly, Florida's Lemon Law provides for a three-year statute of limitations that commences with the delivery of the yacht, which occurred here in December 2005. § 681.102, *et seq.*, Fla. Stat. Accordingly, this Court dismisses Plaintiffs' Magnuson Moss claim as time-barred.

### D. *Florida's Deceptive and Unfair Trade Practices (Count IV)*

A claim under Florida's Deceptive and Unfair Trade Practices Act must be brought within four years. § 95.11(3)(j). This period commences at "the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence." *Speier-Roche*, 2014 WL 1745050 at *16-17. Plaintiffs readily admit that they took the yacht in twelve times during the initial warranty period for repairs to the stern drives. During each of those visits, their yacht was out of commission for a period of one to three weeks. Plaintiffs claim Defendants advised that their stern drives were continuously being repaired, when indeed they were "unrepairable." Certainly, Plaintiffs allegations that the yacht's stern drives broke twelve times in the first two years they owned the yacht should have alerted the Plaintiffs to exercise due diligence in investigating the problem. Accordingly, the Court finds the applicable four-year statute of limitations expired prior to the filing of this case.

Plaintiffs would have the Court apply Florida's delayed discovery rule, which provides that a cause of action does not accrue for limitations purposes until the injured party discovers, or has a duty to discover, the act giving rise to his legal rights. *American Optical Corp. v. Williams*, 73 So. 3d 120, 127 (Fla. 2011) (quoting *Celotex Corp. v. Meehan*, 523 So. 2d 141 (Fla. 1988)). To reiterate, by Plaintiffs' own admission the yacht's stern drives were repaired by Defendant Volvo Penta at least twelve times in the initial two-year period following the purchase. Surely, the number of breakdowns of the stern drives coupled with the amount of time the yacht was out of commission, is enough to trigger a "duty to discover" the facts underlying their rights.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of December, 2014.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

-6-

Copies provided to:
Counsel of Record